JOHN EASTWOOD *v.* THEODORE SCHROEDER & others.

By sect. 17, ch. 198, of the Revised Statutes, if a poor debtor has applied, in the same action, to be admitted to the oath, and after hearing upon the merits been refused, his discharge under a second citation to his committing creditor will be void, unless upon a change of circumstances, since the refusal, recited in the citation, and will afford no justification in an action against him and sureties, upon a prison limits bond, for an escape from the limits.

The second citation, intended by the above section, is not merely a second citation to the creditor when the debtor is committed by him upon *the same* process in the action, but a second citation to the creditor, whilst the debtor is under commitment upon *any* process issued in the same action; and the change of circumstances, required to have occurred since the refusal of the oath and to be recited in the second citation, in order to the validity of the debtor's discharge under it, must be some change in his condition or property which may reasonably affect the question of his discharge as a poor debtor in the judgment of the magistrates, and not merely the change, from commitment upon the writ, to commitment upon the execution, in the same suit.

DEBT for an escape, upon a prison limits bond, given by one of the defendants, as principal, and by the other defendants, as his sureties, whilst the former was committed to the jail for the county of Providence, upon an execution in favor of the plaintiff, for $1,979.98 debt, and $13.85 costs. Plea, in substance, that the principal defendant remained a true prisoner in the custody of the keeper of said jail, until discharged by the keeper, in pursuance of a certificate under the hands and seals of two magistrates, authorized by law to grant discharges under the poor debtor's act, to the effect, that the principal debtor, confined on execution in said jail, had been admitted to and taken the oath prescribed by said act, and was by them thereupon discharged from his confinement.

Replication, in substance, that before the discharge pleaded, and whilst the principal defendant was committed for want of bail upon the writ in the action in which he was afterwards committed on execution, he had applied for, and after a hearing upon the merits, had been refused the poor debtor's oath; and that the citation served upon the plaintiff, when afterwards, in the same suit, the principal defendant was committed upon execution, and applied for and obtained the discharge pleaded,

Eastwood *v.* Schroeder & others.

did not recite any change of circumstances since the taking out of the former citation, as by law required.

General demurrer, and joinder.

*Hayes*, for the plaintiff, cited Rev. Stats. ch. 198, § 17, and contended, that the second citation, in which a change of circumstances is required to be recited, referred to in that section, is a second citation in that action; the words "committing creditor," in the section, meaning the creditor in the same action. The grant of the oath to a poor debtor, when committed upon the writ, extends to subsequent process in the same action, and prevents him from being imprisoned on the execution. By parity of reasoning, the refusal of the oath looks to the subsequent process in the same action, and is the very ground upon which, if the debtor cites afresh his creditor when committed upon the execution, the law requires, to its validity, that the new citation should show, upon its face, some reason for a renewed application. If it were otherwise, a fraudulent debtor, if persistent, might weary out, by repeated citations, the creditor whom he had wronged, and by selecting his own times, and changing at pleasure his magistrates, until he found those apt to his purpose, might thus escape the penalty of his fraudulent refusal to pay an honest debt.

The fact stated in the second citation, that the debtor is committed on execution, is no change of circumstances, such as is required by the statute, and is not recited as such, inasmuch as in the second, there is no reference to the first citation.

*Thurston*, with whom was *Currey*, for the defendants:—

1st. The second citation of the poor debtor, required by the statute, after he has been refused the oath, to recite a change of circumstances since the refusal, means a second citation upon *the same commitment;* whereas the refusal of the oath to the principal defendant in this case, was, when he was committed upon the writ for want of bail; and the subsequent citation under which he was discharged, was issued when he was committed upon execution. The statute did not require a change of circumstances to be recited in the latter citation.

33 *

2d. But if a change of circumstances was required by law to be recited in the latter citation in order to the validity of the debtor's discharge under it, such a change was recited in it, inasmuch as it sets forth that the debtor was committed on execution; the first citation, under which he was refused the oath showing, that when so refused, he was committed before judgment, for want of bail. *Angell* v. *Robbins & others*, 4 R. I. Rep. 493.

BRAYTON, J. The question raised by the pleadings in this case is, whether the defendant, Schroeder, was legally discharged from imprisonment. This depends upon the validity of the certificate given him by the magistrates who admitted him to take the oath. If they had authority to grant it, and did upon a regular hearing grant it, the jailer was bound, upon its presentation to him, to discharge the debtor.

The provision in the statute, under which the question arises, is contained in ch. 198, § 17, of the Revised Statutes, and provides, that "if a debtor take out a citation to his committing creditor, and has the same served, and subsequently withdraws the same, or, if upon trial, he shall not be admitted to take the oath prescribed, he shall not be entitled to another citation to the same creditor, unless, upon proof of some change of circumstances, after the taking out of the first citation; which change of circumstances shall be annexed to, or recited in, the second citation, and form part thereof."

The plaintiff claims, that under this provision, the debtor, having once applied for the benefit of the act, and cited his creditor, and upon hearing, having been refused the oath, was not entitled to another citation, for the purpose of being again heard, without producing proof to the justice who should issue it, of a change of circumstances occurring since the first issued; and unless the change were stated in the second; and that as no such change is stated in this citation, the magistrates proceeded to a hearing without authority, and their proceedings were void, and furnished no justification for discharging the debtor from imprisonment. If this were a second citation, within the meaning of this act, and it be true that no change of circumstances be therein inserted, or thereto annexed, it would avoid the pro-

ceeding of the justices who administered the oath and granted the certificate.

The defendants in support of their demurrer, however, contend, that this is not a second or another citation, within the meaning of the act; that "another citation" means one taken out during the same commitment; if the first was upon mesne process, the second must be; and as the first was during commitment on the writ, and the other upon commitment upon the execution, the last is to be deemed an original citation. To this view we are unable to subscribe; and we think the position entirely untenable. The first citation was on mesne process, in the same suit, of the same creditor. The purpose of the application, and the effect of admitting the debtor to take the oath in that stage of the suit is, not only to discharge him from present imprisonment, but to protect his body from arrest in every stage of the suit, and against every future process in it. The certificate, if granted to him, operates to this extent, and binds the creditor. It goes even farther; for it shields his body against that debt while it continues a debt, even if the judgment be again sued, if the debtor chooses to take advantage of it. While the creditor is thus bound, if the decision of the justices be against him, it would be the height of injustice, and a most partial construction of the act, to say, that if the decision be in his favor, it shall cease to operate in his favor when he procures a new process, though pursuing the same remedy for his debt, in the same suit. The statute does not regard the form, or the manner, or the time of commitment, or the process upon which the debtor is committed, but the fact that he is imprisoned, or liable to be imprisoned, for a particular debt sued for; and the relief to be granted to him is a relief from imprisonment for that debt thereafter; and therefore, every application made, or citation issued, for the purpose of relief against that debt, is another, or second, within the meaning of the act, if the debtor has once been refused the oath on a hearing upon the merits.

The defendants claim further, in support of their demurrer, that if this were a second citation within the meaning of the act, that it did contain a statement of a change of circum-

stances, occurring after the issuing of the first; in this, that the first stated that the debtor was confined on mesne process, and the last that he was imprisoned on execution. This citation does not profess to state any change of circumstances since the former citation. There is nothing on its face to indicate, that it was not the first one issued in that suit. It is in the ordinary form of a first citation. It mentions no other, makes reference to no other, refers to no period of time, or act done, since which any change took place. It does not state, that any proof had been offered to the justice, of any change; but simply states, that the debtor was then confined on execution, at the suit of the present plaintiff.

Assuming that it is sufficiently stated in the citation that a change of circumstances had taken place since the former one, in this, that the debtor, who before stood imprisoned on mesne process, was now confined in prison on the execution; the question remains, whether the change of circumstances is of that character which the act contemplates. It is not to be presumed, that every change of circumstances that may have occurred in the mean time was to authorize a rehearing; certainly not any change which would not affect the debtor. The term, to be sure, is very general, "some change;" but we must apply it to the subject-matter and give a reasonable construction to it. Upon the condition stated, the debtor is to be reheard. The object of the condition annexed is, to prevent the creditor from being harassed with rehearings without reasonable cause, upon the same state of circumstances. In the contemplation of the statute, it must have been a change of the debtor's circumstances, applicable to the hearing and determination of his application for relief; something, that might, in some way, and to some extent, affect that hearing and determination; something, which might properly and reasonably affect, or influence, the judgment of the magistrates, and might be properly addressed to them, for that purpose.

We are unable to see how the change here stated could, in any way, or to any extent, affect the judgment of the justices who heard the debtor's application; or how it could be properly addressed to them, for that purpose. He is committed in the

same suit, by the same creditor, for the same debt.   That he is committed on execution and not upon mesne process, has no tendency to show or explain his conduct, whether fair or fraudulent,—the amount of his property, or the disposition of it, or any other matter proper to be considered upon the merits of his application for relief.   It is not, therefore, a change of circumstances, in the sense of the statute.

*The demurrer to the replication is, therefore, overruled.*